IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALTHA RAY,

Plaintiff,

v. CIVIL ACTION NO. 23-0041-MU

MARTIN O'MALLEY,
Commissioner of Social Security, [1]

Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Altha Ray brings this action, pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and her claim for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 5 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 6. Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief, and oral argument presented at the July 12, 2023, hearing before

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this action.

the undersigned Magistrate Judge, it is determined that the Commissioner's decision denying benefits should be affirmed.[2]

## I. PROCEDURAL HISTORY

Ray applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423-425, and for SSI, under Title XVI of the Act, 42 U.S.C. §§ 1381-1383d, on August 25, 2020, alleging disability beginning on August 1, 2015. (PageID. 260-66). She later amended her alleged onset date to December 21, 2019. (PageID. 282). Her application was denied at the initial level of administrative review on June 9, 2021, and upon reconsideration on November 10, 2021. (PageID. 188-97, 200-06). On December 10, 2021, Ray requested a hearing by an Administrative Law Judge (ALJ). (PageID. 208-09). Ray appeared at a hearing by telephone before the ALJ on June 16, 2022. (PageID. 62-91). On July 27, 2022, the ALJ issued an unfavorable decision finding that Ray was not under a disability during the applicable time period. (PageID. 37-60). Ray appealed the ALJ's decision to the Appeals Council, and, on December 29, 2022, the Appeals Council denied her request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (PageID. 24-29).

After exhausting her administrative remedies, Ray sought judicial review in this Court, pursuant to 42 U.S.C. § 405(g). (Doc. 1). The Commissioner filed the social security transcript on March 27, 2023. (Doc. 7). Both parties filed briefs setting forth

---

[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 5. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

their respective positions. (Docs. 9, 10). Oral argument was held before the undersigned Magistrate Judge on July 12, 2023. (Doc. 15).

## II. CLAIM ON APPEAL

Ray stated that her claim on appeal is that the ALJ committed reversible error in violation of Social Security Regulations 20 CFR § 416.945, 20 CRF § 404.1545, and Social Security Ruling 96-8p because her residual functional capacity (RFC) determination at the fifth step of the sequential evaluation process was not supported by substantial evidence. (Doc. 9 at p. 2; PageID. 463). However, because the ALJ in this case did not reach step five of the evaluation process, the Court has rephrased the claim on appeal to reconcile it with the facts of the case and the argument contained in Ray's brief. Ray contends that the ALJ erred at the fourth step of the evaluation process in finding that Ray could perform her past relevant work without considering whether she could perform that work while using a cane. This is the claim the Court will address.

## III. BACKGROUND FACTS

Ray, who was born on July 27, 1965, was 54 years old at the time she filed her claim for benefits and on the alleged onset date. (PageID. 65; 260-66). Ray initially alleged disability due to high blood pressure, diabetes, sciatica, degenerative disc disease, depression, herniated disc, neuropathy in hands and feet, muscle spasms, and headaches. (PageID. 301). Ray completed high school and worked as an employment counselor for an employment agency from 2004 until 2016. (PageID. 70, 302). She stopped working on July 1, 2016, due to her conditions. (PageID. 301).

## IV. ALJ'S DECISION

After conducting a hearing, the ALJ determined that Ray was not under a

disability at any time from December 21, 2019, the alleged onset date, through the date of the decision, August 1, 2022, and thus, was not entitled to benefits. (PageID. 55). In his decision, the ALJ first determined that Ray's DLI was December 31, 2021. (PageID. 42). He next began the process of applying the five-step sequential evaluation to Ray's claim. At step one, the ALJ found that Ray had not engaged in SGA since her alleged onset date, December 21, 2019. (PageID. 43). Therefore, he proceeded to an evaluation of steps two and three. The ALJ found that Ray had the following severe impairments: hypertension, degenerative disc disease of the lumbar spine, type 2 diabetes mellitus, obesity, and patellar tendon dysfunction of the bilateral knees, but that she did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (PageID. 43-48). After considering the entire record, the ALJ concluded that Ray had the RFC to perform a range of light work, except that she cannot climb ladders, ropes, or scaffolding, may occasionally climb ramps and stairs, can occasionally stoop, kneel, crouch, or crawl, can frequently reach, handle, and finger, and cannot work at unprotected heights or around dangerous machinery. (PageID. 48-53). After setting forth her RFC, the ALJ determined that Ray is capable of performing past relevant work as an employment counselor, as it is actually and generally performed. (PageID. 54). Accordingly, the ALJ found that Ray was not disabled within the meaning of the Act from December 21, 2019, through the date of the decision, which was August 1, 2022. (PageID. 55).

## V. STANDARD OF REVIEW

Eligibility for both DIB and SSI benefits requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E); 1382(a)(1)-(2). "For DIB claims, a claimant is eligible for

benefits where she demonstrates disability on or before the [date last insured].” *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is disabled if the claimant is unable “to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.” 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the claimant’s previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. “Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit.” 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant’s RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm’r of Soc. Sec.,* 457 F. App’x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## **VI. DISCUSSION**

As set forth above, Ray claims that the ALJ erred by failing to properly evaluate the effect her intermittent use of a cane would have on her residual functional capacity (RFC) and that the ALJ's RFC determination and conclusion that she can perform past relevant work was not supported by substantial evidence.

A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any

related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents ***the most, not the least***, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2 (emphasis added). The RFC assessment is based on "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). In assessing a claimant's RFC, the ALJ must consider only limitations and restrictions attributable to medically determinable impairments, i.e., those that are demonstrable by objective medical evidence. SSR 96-8p, 1996 WL 374184, at *2. Similarly, if the evidence does not show a limitation or restriction of a specific functional capacity, the ALJ should consider the claimant to have no limitation with respect to that functional capacity. Id. at *3.

It is well-settled that the ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ, not to the claimant's physicians or other experts. *See* 20 C.F.R. § 404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.,* 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL

1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)).

The ALJ found that Ray had severe impairments of hypertension, degenerative disc disease of the lumbar spine, type 2 diabetes mellitus, obesity, and patellar tendon dysfunction of the bilateral knees. (PageID. 43). The Eleventh Circuit has held that the mere existence of an impairment, even a severe one, does not prove the extent to which it limits a claimant's ability to work. *See McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)(noting that "the mere existence of [certain] impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard"); *Ybarra v Comm'r of Soc. Sec.*, 658 F. App'x 538, 541-42 (11th Cir. 2016)(holding that "[a] conclusion that an impairment is 'severe' for the purposes of step two of the inquiry does not dictate the outcome at step four" in concluding that ALJ took claimant's shoulder impairment into account by limiting claimant to medium work). Once the claimant proves that she has a severe impairment, she still has the burden of proving that she does not have the RFC to perform her past relevant work. *Jones*, 190 F.3d at 1228.

In his decision, the ALJ thoroughly addressed Ray's testimony, objective medical evidence, and non-medical evidence. (PageID. 47-53). The ALJ discussed the course of her symptoms and treatment related to her impairments. (*Id.*). Ray specifically claims, however, that the ALJ did not determine whether her use of a cane would affect her ability to perform her past work as an employment counselor. (Doc. 9 at p. 6). Ray argues that the ALJ failed to properly consider her use of a cane because he stated, in

part: “She complained of frequent falls and was seen to be using a cane. She was advised to use a walker if she needed better support, but there were no prescriptions.” (PageID. 50). She claims this statement shows that the ALJ erred in his assessment because the social security regulations no longer require a prescription for a cane for its use to be considered in assessing a claimant’s RFC; rather, EM-21027, issued on October 1, 2021, states: “the phrase ‘documented medical need’ means that there is evidence from a medical source that supports the medical need for an assistive device for a continuous period of at least 12 months....We do not require that the claimant have a specific prescription for the assistive device.” Accordingly, the relevant social security regulations require the claimant to present evidence from a medical provider that an assistive device is a medical need for a “continuous period of a least 12 months” for the use of the assistive device to be considered in making the RFC determination.

When considering the Decision, in full, contrary to Plaintiff’s argument, the ALJ does not appear to have based his determination on Ray’s RFC on whether she did or did not have a prescription for a cane or other assistive device. After making the above quoted statement in the Decision, the ALJ continued:

> Save the presence of the cane itself, there was no sign of imbalance, atrophy, spasm, lost range of motion, reflex deficits, or sensory losses. As previously noted, strength was full in all extremities. There was no tenderness or swelling. There were no signs of active pain. There was no evidence in any of the treating records of the need for a cane or walker (Exhibit 1F/17). Despite some problems with controllability, these modest signs support the claimant’s capacity for a reduced range of light work activity. Greater limitation is not necessary given her generally unremarkable physical exam signs even when noncompliant with medication, controllable symptoms when compliant with medication, and admitted daily activities.

(PageID. 50).

The ALJ further noted that Ray testified at the hearing on June 16, 2022, that she uses a cane approximately four days per week when she has muscle spasms in her lower back. (PageID. 49, 86). The ALJ's and this Court's review of the medical records indicated, *inter alia*, that, even though Ray appeared at some medical appointments using a cane, she also presented to various medical providers during the same time period with a normal range of motion and strength, including muscle strength of 5/5 in the lower extremities, no tenderness or swelling, "ambulating normally **without assistance**," and with a normal gait. (PageID. 50, 151, 381, 388, 411, 418, 424, 429-30, 441 (emphasis added)). The Court finds, based on its complete review of the record, that substantial evidence supports the ALJ's conclusion that Ray's medical records reveal no indication that the use of a cane was medically necessary nor any objective medical evidence supporting the medical necessity of a cane.

After considering the medical and other evidence, including Ray's testimony concerning her use of a cane, the ALJ issued an RFC limiting Ray to light work with additional limitations and concluded, after considering testimony of a vocational expert, that Ray is capable of performing her past relevant work as an employment counselor. (PageID. 48-54). It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the transcript and considered the arguments made by Ray, the Court finds that, even though there may be some contrary evidence

concerning her intermittent use of a cane, the ALJ's RFC determination is supported by substantial evidence and based on proper legal standards. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **21st** day of **March, 2024**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**